# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 09-CR-116-P-H |
| | ) | |
| MATTHEW R. THERIAULT, | ) | |
| | ) | |
| DEFENDANT | ) | |

## DECISION AND ORDER ON MOTION TO SEVER CHARGES

The issue here is whether three counts of the defendant's indictment should be severed to avoid evidentiary spillover and to allow the defendant to testify at trial as to one count but not to others.  Since the defendant has not made the requisite strong showing of prejudice, the Motion to Sever is **DENIED**.

### BACKGROUND

The defendant, Matthew R. Theriault, has been indicted on thirteen counts, twelve of them involving the period early October to mid-December 1996. Indictment as to Matthew R. Theriault (Docket Item 1).  Counts One through Six charge that Theriault engaged in a scheme of wire fraud during that period by using eBay to sell stolen Kubota tractors.  Counts Seven and Nine charge him with transporting two of the stolen tractors from Maine to Pennsylvania and New York, respectively.  Count Eleven charges him with possessing a third stolen tractor.  Count Twelve charges possession of a stolen trailer on the same date.  Count Eight charges a false statement to a federally

insured credit union in early December in a loan application. Count Ten charges a monetary transaction in criminally derived property involving the same credit union the next day. Count Thirteen charges that Theriault made false statements during a proffer interview with the Federal Bureau of Investigation concerning the tractors and trailers in August 2007.

The defendant argues that Counts Eight and Ten (the credit union counts) and Count Thirteen (the FBI proffer count) are not properly joined with the other counts and, in the alternative, that joinder will be prejudicial. Def.'s Mot. to Sever Charges at 2 (Docket Item 33).[1] He claims that the charges do not arise out of the same act or transaction, do not involve the same person and are not part of a common scheme or plan; that he is prejudiced because he intends to testify as to one of the counts (apparently the false statement to the credit union), but not the others; that a jury might infer criminal conduct as to some counts from the other counts; and that his proffer agreement prevents the use of any statements or information. Id. at 2.

## DISCUSSION

The defendant has not shown that the charges are improperly joined under Rule 8 of the Federal Rules of Criminal Procedure. Rule 8 provides that an indictment may include multiple counts if they charge offenses "of the same or similar character," that "are based on the same act of transaction," or that

---

[1] That is how the motion begins. Later, the defendant refers to nine, eleven and thirteen, but that appears to be a scrivener's error (given the defendant's reasoning), the government has treated it as such in its response, and the defendant has not filed a reply to challenge that interpretation.

"are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Ordinarily, the basis for joinder "should be discernible from the face of the indictment," United States v. Fenton, 367 F.3d 14, 21 (1st Cir. 2004) (citing United States v. Natanel, 938 F.2d 302, 306 (1st Cir. 1991), but the First Circuit construes Rule 8(a) "generously in favor of joinder," United States v. Boulanger, 444 F.3d 76, 87 (1st Cir. 2006) (quoting United States v. Melendez, 301 F.3d 27, 36 (1st Cir. 2002)). The defendant bears the burden of showing that joinder is improper. Natanel, 938 F.2d at 306 (citing United States v. Luna, 585 F.2d 1, 4 (1st Cir. 1978)). To do so, he could point out that the charges against him are brought under different statutes, do not involve similar victims, locations, or modes of operation, or that the charged conduct occurred in different time frames. Boulanger, 444 F.3d at 87 (quoting United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995)); see also Melendez, 301 F.3d at 35 ("'[S]imilar' does not mean 'identical,' and [courts] assess similarity in terms of how the government saw its case at the time of indictment." (citing United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996)).

The government has made a proffer of how the counts are related, a proffer to which the defendant has not responded. Count Four charges the December 3, 2006 listing of a stolen Kubota tractor on eBay. The government says that the evidence will show that the defendant agreed to sell it almost immediately for $10,000. Gov't's Opp'n to Def.'s Mot. to Sever Charges at 4 (Docket Item 36). Count Eight charges the false loan application the next day, and the government says that the evidence will show that the defendant told

the credit union he wanted the loan to buy a pickup truck and that he would put down $10,000 toward the purchase price. Id. Count Nine charges that the defendant delivered the stolen tractor the day after that. Id. The government says that the evidence will show that the defendant received the $10,000 and deposited it with the credit union, and that the credit union made the loan and deposited the loan money into his account. Id. at 5. Count Ten charges that the same day the defendant withdrew the proceeds from the account and bought the pickup truck. Id. The government says that the evidence will show that he intended to use the pickup truck to transport additional tractors. Id. I have no difficulty finding that the counts are connected and arise out of a common scheme or plan.

The defendant also has not made the strong showing of prejudice required for severance of Counts Eight and Ten and Thirteen pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The First Circuit has recognized that joinder of several offenses in an indictment potentially involves three kinds of prejudice: (1) embarrassment or confusion "in presenting separate defenses"; (2) evidentiary spillover through which proof of one offense may be used to convict a defendant of a second, "even though such proof would be inadmiss[i]ble in a second trial for the second offense"; and (3) forcing a defendant who wants to testify "in his own behalf on one of the offenses but not another" to choose between "testifying as to both or testifying as to neither." United States v. Richardson, 515 F.3d 74, 81 (1st Cir. Mass. 2008) (quoting United States v. Jordan, 112 F.3d 14, 17 (1st Cir. 1997)).

4

The defendant has not argued—and I do not see—embarrassment or confusion in presenting separate defenses, the first kind of prejudice. I proceed therefore to the other two. To prevail on an evidentiary spillover claim, a defendant must prove prejudice "so pervasive that a miscarriage of justice looms." United States v. Trainor, 477 F.3d 24, 37 (1st Cir. 2007) (quoting United States v. Levy-Cordero, 67 F.3d 1002, 1008 (1st Cir. 1995)). On Counts Eight and Ten, Theriault's argument seems to be that his conviction on those two counts could not be used against him in a separate trial of the remaining counts because Fed. R. Evid. 404(b) precludes evidence of those crimes to show that he acted in conformity therewith on the other charges, and vice-versa. First, the evidence of the scheme to defraud and the trafficking in stolen tractors definitely would be admissible on Counts Eight and Ten because they are part of the proof to show the false statement in the loan application (Count Eight) and the use of criminally derived property (Count Ten). The conduct charged in Counts Eight and Ten would probably also be admissible on the other counts to show the scope of the scheme. Theriault's conclusory assertion that a jury could "infer criminal conduct" from one group of counts to the other falls far short of showing the kind of pervasive prejudice needed to sever counts due to evidentiary spillover.

To prevail on a motion to sever based on a need to testify (apparently Count Eight, the false loan application), a defendant must make "a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." Richardson, 515 F.3d

at 81 (quoting <u>United States v. Alosa</u>, 14 F.3d 693, 695 (1st Cir. 1994)); <u>see also</u> <u>United States v. Jordan</u>, 112 F.3d 14, 16 (1st Cir. 1997) (holding that success on a motion to sever requires "a strong showing of prejudice" (quoting <u>United States v. Gray</u>, 958 F.2d 9, 14 (1st Cir. 1992)).   A defendant must "timely offer enough information" to allow the court "to weigh the needs of judicial economy versus the defendant's freedom to choose whether to testify as to a particular charge."   <u>Jordan</u>, 112 F.3d at 17 (quoting <u>Alosa</u>, 14 F.3d at 695).   Here, Theriault provides neither a detailed offer of proof of what his testimony would be on Count Eight, nor evidence of a good faith defense as to any count, <u>see</u> <u>Jordan</u>, 112 F.3d at 17.   Thus, I am unable to determine that he has a "strong need to refrain from testifying," because he has not "articulat[ed] how his [defensive] testimony" might lead to his conviction on other charges, <u>Richardson</u>, 515 F.3d at 82.   Accordingly, his motion to sever these counts must fail.

Count Thirteen may be different.   Ordinarily, proffer agreements protect a defendant from having his statements used against him to prove the crime about which he is giving information (presumably Counts One through Twelve), but provide that the defendant still may be prosecuted for false statements he makes in the proffer.   But here neither party has provided the proffer agreement for me to consider.   The government argues that the proper vehicle for Theriault on this count is not a motion to sever, but a motion in limine to exclude the proffer statements from trial on the other counts, or a motion to dismiss Count Thirteen.   The defendant has not replied to that suggestion.   The

6

motion to sever Count Thirteen is therefore **DENIED WITHOUT PREJUDICE** to the defendant filing a new motion by December 4, 2009, clarifying the relief he seeks on that count.  One of the parties shall provide the proffer agreement in connection with the briefing of that motion.

The defendant's motion is **DENIED**.

**SO ORDERED**.

**DATED THIS 24TH DAY OF NOVEMBER, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

7